UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FELICIA BINION WILLIAMS,<br><br>*Plaintiff*,<br><br>v.<br><br>BERYL A. HOWELL, *et al.*,<br><br>*Defendants*. | Civil Action No. 23-312 (RDM) |

## MEMORANDUM OPINION

This case is before the Court on Defendants' motion to dismiss *pro se* Plaintiff Felicia Williams's nearly one-thousand-page complaint against two United States District Court Judges, Dkt. 5, as well as Williams's motion to remand this case to Superior Court, Dkt. 4. The Court will **GRANT** Defendants' motion to dismiss, Dkt. 5, and will **DENY** Williams's motion to remand, Dkt. 4.

Williams's complaint must be dismissed for several reasons. Most basically, the Court cannot discern the nature of Williams's claim from the complaint that she filed, although she does appear to be seeking damages. Dkt. 1-1 at 1 (requesting $10,001 in damages). The complaint is for the most part comprised of various unlabeled documents that Williams has annotated by hand. *See generally id.* Her annotations reference matters such as copyright law, workplace harassment, the Merit Systems Protection Board, whistleblowers, the FDA, due process of law, fraud, and other assorted terms. Although pleadings by *pro se* litigants such as Williams are held to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), they must still comply with the Federal Rules of Civil

Procedure, *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).  Federal Rule of Civil Procedure 8(a) requires that a complaint contain a short and plain statement of the grounds upon which the Court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks.  *See* Fed. R. Civ. P. 8(a).  The Rule is designed to "give the defendant notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted).

Williams's complaint does not comply with Rule 8.  It offers no intelligible description of the factual basis for her claims, what injuries she allegedly suffered, and why she is entitled to the relief she seeks.  Even construed liberally, Williams's allegations, such as they are, leave the Court and Defendants in the dark.  Put another way, Williams has not given Defendants or the Court adequate notice regarding the claims she intends to assert, because her complaint lacks "a short and plain statement of the claim showing that [she] is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

Even if the nature of Williams's claims was more apparent, dismissal would still likely be in order under the doctrine of judicial immunity.  Judicial immunity extends to "all actions taken in the judge's judicial capacity, unless the[ ] actions are taken in the complete absence of all jurisdiction."  *Sindra v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9–10 (1991) (describing a long line of Supreme Court precedents that have found "judge[s] . . . immune from . . . suit for money damages").  Here, Williams's complaint repeatedly references another action in which she is involved and over which Defendant Judge Contreras is presiding, *Williams v. Department of Health and Human Services et al.*, Civil Action No. 22-1084 (RC).  *See, e.g.*, Dkt. 1-1 at 4, 22, 29 (Compl.).  Thus, venturing a guess, the

Court infers that Williams is seeking relief against Judge Contreras for actions he took or did not take in his judicial capacity.  As such, Judge Contreras is entitled to absolute immunity.  *See Jenkins v. Kerry*, 928 F. Supp. 2d 122, 134 (D.D.C. 2013) ("[A] judge acting in his or her judicial capacity—*i.e.*, performing a 'function normally performed by a judge'—is immune from suit on all judicial acts, as long as the judge was not acting in the complete absence of jurisdiction." (quoting *Mireles*, 502 U.S. at 11–12)).  Although the basis for Williams's action against Chief Judge Howell is even more elusive, it appears that she may be attempting to hold Chief Judge Howell liable based on a mistaken belief that, as Chief Judge, Judge Howell supervises Judge Contreras.  If that is what Williams has in mind, Chief Judge Howell is also entitled to immunity.

The Court must also deny Williams's motion to remand.  Dkt. 4.  Defendants properly removed the action to this Court under 28 U.S.C. § 1442(a)(1), because they are federal officers (apparently) being sued in their official capacities, *see Jefferson Cty, Ala. v. Acker*, 527 U.S. 423, 431 (1999).

The Court will, accordingly, **GRANT** Defendants' motion to dismiss, Dkt. 5, and will **DISMISS** Williams's Complaint, Dkt. 1-1, without prejudice.  The Court will also **DENY** Williams's motion to remand, Dkt. 4.

A separate order will issue.

/s/ Randolph D. Moss
RANDOLPH D. MOSS
United States District Judge

Date:  March 6, 2023